UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HERBERT JOHNSON,<br><br>            Plaintiff,<br><br>      v.<br><br>D.A. GEORGE GASCON,<br><br>            Defendant. | Case No. 2:22-cv-06803-JAK-JDE<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(g) |

On September 19, 2022, the Court received from Herbert Johnson, ("Plaintiff"), an inmate or detainee at California State Prison, Corcoran, with CDCR Prisoner Number P60805, proceeding pro se, a civil rights complaint against "D.A. George Gascon"("Defendant"), alleging violations of Plaintiff's Fifth, Sixth, and Fourteenth Amendments rights caused by Defendant's delay in responding to one or more "Post Conviction Application(s)." Dkt. 1 ("Complaint") at 1-4. Plaintiff did not pay the filing fee but did submit his CDCR Inmate Statement Report, presumably in support of a forthcoming request to proceed in forma pauperis ("IFP"). Dkt. 2 ("IFP Request").

Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) "is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that[they were] frivolous, malicious, or fail[] to state a claim . . . .'" Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (as amended) (first two alterations in original). Section 1915(g) provides a narrow exception permitting a prisoner who has had three prior "strikes" but who is in "imminent danger of serious physical injury" to proceed despite the strikes. 28 U.S.C. § 1915(g); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The danger must exist at the time the prisoner filed the complaint, not at some earlier or later time. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) (as amended).

Courts may raise Section 1915(g) sua sponte and dismiss the action after providing the plaintiff with an opportunity to be heard. See Andrews, 398 F.3d at 1120; see also Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) (courts "may raise the issue of strikes sua sponte"); Hernandez v. Ventura Cty., 2010 WL 5313476, at *2 (C.D. Cal. Nov. 16, 2010) ("Courts may, sua sponte, dismiss an action that is barred by Section 1915(g), but must notify the prisoner/litigant of the strikes it considers to support such a dismissal, and allow the prisoner an opportunity to be heard on the matter before dismissing the case."), report and recommendation adopted by 2010 WL 5315438 (C.D. Cal. Dec. 15, 2010). Once the Court notifies a plaintiff that his case may be subject to dismissal under Section 1915(g), the plaintiff bears the ultimate

burden of persuading the Court that Section 1915(g) does not apply. Andrews, 398 F.3d at 1120. "A dismissal under Section 1915(g) is without prejudice to a plaintiff refiling his civil rights complaint after prepayment of the full filing fee." Hernandez, 2010 WL 5313476, at *2.

Here, although the Court makes no current findings, the docket of this Court and the Southern District of California appear to reflect at least three prior civil actions filed by Plaintiff, under the same CDCR number, while incarcerated that resulted in dismissal and/or termination based on findings that the actions were frivolous, malicious, or failed to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2):

1. Johnson v. Deputy Malone, et al., Civil Case No. 2:10-cv-01611-GHK-RNB (C.D. Cal. April 26, 2010) (Report and Recommendation ("R&R") to Dismiss First Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)) (Dkt. 9); (C.D. Cal. June 4, 2010) (Order Adopting R&R) (Dkt. 11);
2. Johnson v. Walker, et al., Civil Case No. 3:12-cv-00841-LAB-RBB (S.D. Cal. June 26, 2012) (Order Dismissing Civil Action as Frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and Denying Motion to Proceed IFP as Moot) (Dkt. 11);
3. Johnson v. Walker, et al., Civil Case No. 3:12-cv-01837-CAB-BGS (S.D. Cal. Aug. 7, 2012) (Order Dismissing Civil Action as Frivolous pursuant to 28 U.S.C. § 1915A(b)(1)) (Dkt. 18); and
4. Johnson v. Millard, et al., Civil Case No. 3:11-cv-01691-JAH-NLS (S.D. Cal. Sept. 5, 2012) (Orders Adopting R&Rs to Grant Defendants' Motions to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)) (Dkt. 37, 38); (S.D. Cal. Feb. 11, 2013) (Order Dismissing Action) (Dkt. 41)).

In addition, at least one other district court has found Plaintiff to have received at least three prior "strikes" under 28 U.S.C. § 1915(g). See Johnson v. Ferrel, et al., Case No. 3:18-cv-02553-JAH-BGS (S.D. Cal. Jan. 31, 2019) (Dkt. 5 (dismissing action under Section 1915(g), finding Plaintiff had suffered at least three prior "strikes").

As it appears that Plaintiff, a prisoner who has had at least three prior civil actions or proceedings he commenced as a prisoner or detainee dismissed as frivolous, the instant action appears subject to dismissal under 28 U.S.C. § 1915(g). Further, in the Complaint, Plaintiff does not allege he is currently under imminent danger of serious physical injury.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice on the grounds that Plaintiff has suffered three or more "strikes" within the meaning of 28 U.S.C. § 1915(g) and has not plausibly alleged that he is currently under imminent danger of serious physical injury. **Within twenty-one (21) days of this Order,** Plaintiff shall file a written response to this Order setting forth any legal or factual basis why this action should not be dismissed under 28 U.S.C. § 1915(g). In the alternative, Plaintiff may avoid dismissal by paying the full $402 filing fee within this deadline.

The Court warns Plaintiff that failure to timely respond as directed in this Order may result the dismissal of this action.

Dated: September 22, 2022

JOHN D. EARLY
United States Magistrate Judge